490 S.E.2d 271

**Ann B. BOWEN, Respondent,**

v.

**Richard W. BOWEN, Appellant.**

**No. 2703.**

Court of Appeals of South Carolina.

Heard June 4, 1997.

Decided July 21, 1997.

Rehearing Denied Sept. 4, 1997.

---

562

Robert N. Rosen and Donald B. Clark, both of Rosen, Rosen & Hagood, Charleston, for appellant.

Peter L. Fuge, of Peter L. Fuge, P.A., Beaufort, for respondent.

PER CURIAM:

In this divorce action brought by Ann B. Bowen ("Wife"), Richard W. Bowen ("Husband") appeals the family court's order granting a divorce on the ground of one year's separation, enforcing an antenuptial agreement between the parties, holding that Wife had a one-half interest in certain contested real estate, and requiring the parties to return various items of personal property to one another. Husband also appeals an order of the family court awarding Wife attorney fees of $25,550.00 and court costs of $4,121.61. We reverse in part and vacate in part.

## FACTS

The parties to this action were married on May 30, 1985, in Beaufort, South Carolina. Wife, at the time of the trial, was fifty-six years of age and Husband was seventy. This marriage was the second for Wife and the third for Husband. Husband is retired and lives part of the year in Hilton Head and part of the year in his hometown of Buffalo, New York. He sold his business, which was substantial, prior to marrying Wife, and did not work or earn any income from employment during this marriage. The parties had no children together although each has children from previous marriages.

Prior to the marriage, the parties entered into an antenuptial agreement dated May 2, 1985 ("the agreement"). The agreement disposed of all issues except the divorce itself. Prior to the execution of the agreement, both parties were represented by counsel. At trial, both parties requested that the family court enforce their antenuptial agreement, and the family court found that the agreement was enforceable. The central issue in the case below was the interpretation of the agreement.

## LAW/DISCUSSION

■ Husband first argues that the family court abused its discretion in awarding legal fees and costs to Wife. We agree.

■ An award of attorney fees is a matter within the sound discretion of the family court. *Wood v. Wood,* 298 S.C. 30, 378 S.E.2d 59 (Ct.App.1989). However, where an agreement is clear and capable of legal construction, the court's only function is to interpret its lawful meaning and the intention of the parties as found within the agreement and give effect to them. *Bogan v. Bogan,* 298 S.C. 139, 378 S.E.2d 606 (Ct.App.1989).

Here, both parties sought to enforce the agreement, the family court found the agreement enforceable, and neither party has appealed that finding. The agreement reads as follows:

6. Both parties are self-supporting and intend to continue to be self-supporting in the future; and having provided for the respective designation and retention of their separate

property as set forth above in the event of a dissolution of their marriage, both parties waive any and all right to be supported by the other, or to receive alimony, maintenance, periodic payments, distributive award, support *or counsel fees of any kind.*

(Emphasis added). Based on this agreement, we find the family court abused its discretion by awarding fees and costs to Wife and thereby failing to enforce the agreement's terms.

 Husband next argues the family court erred in determining that Wife owned a one-half interest in certain real estate in controversy. We agree.[1]

The four parcels of real estate at issue are two lots on Haig Point on Daufuskie Island in Beaufort County (lots 270 and 365) and two lots in Virginia: the Water's Edge property and a townhouse at Gang Plank Point. All four lots are titled in the names of Richard W. Bowen and Ann B. Bowen. The two South Carolina deeds grant the Bowens title as joint tenants with right of survivorship. The Daufuskie deeds are "for and during their joint lives and upon the death of either of them, then to the survivor of them, his or her heirs and assigns." The Virginia deeds grant title to the Bowens "as tenants by the entirety, with the right of survivorship...."

Husband testified that three of the four properties were speculative investments that he intended to sell. He further testified he had no intention of giving Wife a half interest in these properties and that he titled the properties in joint names with right of survivorship only so Wife would receive these properties in the event of his untimely death. Wife did not dispute Husband's testimony.

Lot 270 on Daufuskie Island has been sold. The proceeds from the sale (approximately $88,000) were held in escrow, but were disbursed in accordance with the court's orders of March 24 and July 21, 1995. At the time of the trial, Lot 365 was listed for sale at $215,000 and had a mortgage balance of approximately $63,000. Husband paid all of the costs, assessments, mortgages, notes, dues, taxes, water and sewer connec-

---

1. Because we reverse the family court's order on this ground, we do not consider Husband's other arguments.

tion fees, and insurance payments on both lots throughout the marriage.

The Virginia townhouse at Gang Plank Point was purchased by Husband during the marriage with funds obtained through a home equity loan on Husband's nonmarital home in Hilton Head, which is still titled in his name. The townhouse had an appraised value of $320,000 on July 6, 1993, and was listed for sale at $375,000. The Water's Edge lot in Virginia was listed for sale at $324,900 at the time of the trial.

The family court, applying the language of the agreement, determined that the property in question was nonmarital.[2]

---

2. The agreement provides in numbered paragraphs 3, 4, and 5 as follows:

3. All property owned or income earned or accumulated by either of the parties at the time of their marriage or which the parties may acquire, earn or accumulate hereafter, or during their marriage, from any source whatever shall be the separate property of the respective party now owning, earning, accumulating or hereafter acquiring such property, free and clear of any rights, interests, claims or demands of the other, including, but not limited to, equitable distribution, maintenance, alimony and/or support, and the other hereby covenants and agrees to make no claim or demand on the separate property of the other, or on the heirs, executors, or administrators of the other in the event of his or her death, with respect to such separate property of the other, except as otherwise expressly provided herein.

4. Each party insofar as the estate of the other party is concerned, unconditionally waives any and all rights to share in, or to claim against, the estate and/or any Last Will and Testament of the other, accruing under any section of the Estates, Powers and Trusts Law of the State of New York, as presently enacted or as hereafter amended, or under any other statute or case law of New York or of any other state including, but not limited to, South Carolina or foreign jurisdiction, including any right of claim or election, dower or curtesy and any right to Letters of Administration. Neither party shall have or acquire any right, title, interest or claim in and to the real or personal property of the other or in the estate of the other. This provision shall not be construed as preventing either party from appointing the other as executor or executrix of his or her estate, or of providing for a bequest or devise to the other under his or her Last Will and Testament.

5. Except as otherwise provided herein, each party in so far as the property of the other party is concerned, does waive and release any and all rights and claims accruing under Section 236 of the Domestic Relations Law of the State of New York, or under any other law of the State of New York or any state, territory or possession of the United States of America or under any other law of any foreign nation or by any amendment thereto or extension thereof conferring

The court further found that it "had no jurisdiction to affect or change the title to or ownership of" the properties. Neither party has appealed these rulings. In fact, on appeal, both argue that these findings are correct.

The dispute regarding the family court's findings concerns the court's holding that "[a]fter the date of the hearing, the husband and wife shall be equal owners of the three real estate parcels and the proceeds in escrow from the fourth parcel." Husband argues the family court's order amounts to a determination of the parties' respective interests in the properties, a determination that the court had no jurisdiction to make after it found the property was nonmarital. Wife argues the trial judge "was doing nothing other than upholding the antenuptial agreement as written and the terms of the documents of title as written by recognizing [Wife's] right to an undivided one-half interest in the [properties]." We agree with Husband.

Once the family court determined the properties were nonmarital, it had no jurisdiction to address their ownership or deal with them in any way. *See* S.C.Code Ann. § 20–7–473 (Supp.1996) ("The [family] court does not have jurisdiction or authority to apportion nonmarital property."). The parties' respective interests in the real estate in question must be handled as if the parties were not married. Therefore, that determination must be left for another day. Accordingly, we vacate the portion of the family court's order addressing the parties' respective interests in the four parcels of real estate.

**REVERSED IN PART AND VACATED IN PART.**

CURETON, HEARN, and STILWELL, JJ., concur.

---

equitable distribution rights, community property rights or their equivalent to or in the property of the respective spouse; and each party specifically waives any and all right or claim that such party may at any time have to take any share of the property of the other party under any circumstances whatsoever, with the same force and effect as though single persons before any marriage.

It is undisputed that the four parcels of real estate in question were either owned by Husband before the marriage or purchased by him after the marriage with his separate funds.