569 S.E.2d 367

Dan Anthony **DEARYBURY**, Petitioner,

v.

**Wanda Kim Greene DEARYBURY**, Respondent.

No. 25520.

Supreme Court of South Carolina.

Heard June 25, 2002.

Decided Aug. 26, 2002.

---

Gloria Y. Leevy, of Columbia, for Petitioner.

Michael L. Rudasill and Richard H. Rhodes, both of Burts, Turner, Rhodes & Thompson, of Spartanburg, for Respondent.

TOAL Chief Justice:

We granted certiorari to review the decision of the Court of Appeals in *Dearybury v. Dearybury,* Op. No.2000–UP–516 (S.C. Ct.App. filed July 6, 2000) to increase the amount of lump sum alimony awarded to respondent (Wife) from $125,000 to $150,000. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

The family court ordered petitioner (Husband) to pay Wife $125,000 in lump sum alimony. The section of the order awarding alimony states that "[i]n addition to other findings [in the] order," the award of alimony was based on the following findings: (1) Wife's monthly expenses for herself and the parties' children, including private school tuition for the children, were more than Husband's and, considering the property distribution aspects of the order and Husband's non-marital assets, Husband's future monthly expenses should be even less; (2) Husband was being awarded $214,985.19 in non-marital assets and $310,930.39 in marital assets of which $85,087.34 was either in cash or could be converted to cash; and (3) the unknown nature of Husband's future income and the possibility that he may not be able to make regular alimony payments due to the fact that he was self-employed in a start-up company. The family court also found that alimony awarded to Wife should not be taxable to her or tax deductible for Husband.

Earlier in the order, in a section entitled "Background and Findings Relevant to Most Issues," the family court found the

following: (1) Husband was 37 years old and Wife was 36 years old at the time of the hearing; (2) while the mental health of both parties was "less than excellent," incident to the break-up of the marriage, both parties were in good physical health; (3) Husband has an undergraduate degree and was employed in the family's oil business until he was terminated as a result of poor performance; (4) Husband's total direct contributions to the marriage were approximately $627,763.40; (5) although at the time of the hearing Husband reported $1,000 per month gross income, he was capable of earning $38,454 per year based on his history of earnings; (6) Husband has the ability to earn an additional $1,130 per month from the sale of his interest in the family business and reinvestment of the value of his interest; (7) Husband does not need additional education to achieve his income potential; (8) Wife has a two year degree from a junior college and credits toward a marketing degree from the University of South Carolina; (9) early in the marriage wife worked at an accounting firm and for Congresswoman Liz Patterson, and at the time of the hearing was earning $260 per week working on a part-time basis at the children's school; (10) Wife is capable of earning at least $6.00 per hour and can work forty hours per week; (11) Wife's income potential should increase upon completing one full academic year of college credit and receiving her graduate degree; (12) Wife brought $1,400 and a vehicle into the marriage and contributed $18,241.89 in wages to the marriage; (13) Wife was the primary caretaker of the parties' children and was responsible for household chores, but Husband cooked some meals and indirectly contributed to the household; (14) both parties committed marital misconduct and separated several times during the course of the marriage; and (15) the parties enjoyed a comfortable standard of living due in large part to contributions from Husband and his parents.

Wife argued on appeal that lump sum alimony of $125,000 was insufficient given the wide discrepancy in earning potential and resources between the two parties. The Court of Appeals held the following regarding this issue:

> As to the wife's appeal of this issue . . . we hold that a full review of the record and close consideration of all the relevant facts and circumstances warrants a finding that she

should receive $150,000.00 in lump sum alimony. In so holding, we elect to exercise our jurisdiction to find the facts according to our own view of the evidence. Of particular concern to us here is the family court's apparent misapprehension that the husband is considerably older than the wife and has less time left to engage in remunerative employment. The evidence is clear that there is, in fact, only a few months difference between the parties' ages.

Husband argues the increase in alimony was error. We agree.

### LAW/ANALYSIS

The decision to grant or deny alimony rests within the discretion of the family court judge. *Clardy v. Clardy,* 266 S.C. 270, 222 S.E.2d 771 (1976). The judge's discretion, when exercised in light of the facts of each particular case, will not be disturbed on appeal absent abuse thereof. *Long v. Long,* 247 S.C. 250, 146 S.E.2d 873 (1966). An abuse of discretion occurs when the judge is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support. *Stewart v. Floyd,* 274 S.C. 437, 265 S.E.2d 254 (1980).

In making an award of alimony, the following factors must be considered and weighed: (1) the duration of the marriage and ages of the parties at the time of marriage and at the time of the divorce; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse, together with the need of each spouse for additional training or education in order to achieve that spouse's income potential; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the properties of the parties, including those apportioned to him or her in the divorce or separate maintenance action; (9) custody of the children; (10) marital misconduct or fault of either or both parties if the misconduct has affected the economic circumstances of the parties, or contributed to the breakup of the marriage; (11) tax consequences; (12) exis-

tence of any support obligations from a prior marriage; and (13) such other factors the court considers relevant.  S.C.Code Ann. § 20–3–130(C)(Supp.2001).

■ In appeals from all equity actions, including those from the family court, the appellate court has authority to find facts in accordance with its own view of the preponderance of the evidence.  *Rutherford v. Rutherford,* 307 S.C. 199, 414 S.E.2d 157 (1992).  However, this broad scope of review does not require the appellate court to disregard the findings of the lower court.  *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E.2d 616 (1981).

In the case at hand, the Court of Appeals elected to exercise its jurisdiction to find facts according to its own view of the evidence and, based on those findings, to increase the amount of lump sum alimony to $150,000.  However, other than ex-pressing concern over the family court's misapprehension regarding the parties' ages, the Court of Appeals failed to specify the findings of fact it relied upon in increasing the award of alimony.

■ Rule 220(b)(1), SCACR, states that in every decision rendered by an appellate court, every point distinctly stated in the case which is necessary to the decision of the appeal and fairly arising upon the record of the court must be stated in writing and must, with the reason for the court's decision, be preserved in the record of the case.  Accordingly, when an appellate court chooses to find facts in accordance with its own view of the evidence, the court must state distinctly its find-ings of fact and the reason for its decision.

Here, the lone finding set forth by the Court of Appeals in support of the increase in alimony, that a misapprehension regarding the ages of the parties was a factor in awarding alimony, is not supported by the record.  The family court made findings, either in the "Background and Findings Rele-vant to Most Issues" section or the "Alimony" section of the order, regarding each of the factors set forth in section 20–3–130(C).  Those findings are supported by the record.  The statement the Court of Appeals apparently relied upon in increasing the amount of alimony is found in the section of the family court order addressing the role retirement assets played in the decision regarding equitable distribution.  The family court stated the following:

This distribution also considers the retirement assets of the parties are almost wholly being divided to Husband. *Husband is older than Wife and has less time left in his work life.*[1] In addition, the majority of the retirement assets are derived from Dearybury Oil and Gas, his family's company. Some of these are marital and some are non-marital. Wife is receiving liquidity whereas Husband will not have the benefit of liquidity (without incurring substantial tax considerations) with these retirement assets.

(Emphasis added).

The family court did not find, as the Court of Appeals states, that Husband is "considerably older" than Wife. Moreover, while the family court considered other findings contained in the order when determining the amount of alimony to be awarded, there is no indication the family court relied on the age difference noted in its discussion of retirement benefits. Instead, the findings regarding each of the factors set forth in section 20–3–130(C) are found in the "Background and Findings Relevant to Most Issues," wherein the family court properly noted the age difference between the parties.

Accordingly, because the only finding upon which the Court of Appeals based its increase in the award of lump sum alimony is not supported by the record, we reverse its decision to increase that sum from $125,000 to $150,000. Moreover, we decline to exercise our ability to make independent findings of fact in this case because the decision of the family court is fair and reasonable based on the facts set forth in the record.

### CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals' decision to increase the amount of lump sum alimony awarded to Wife.

**REVERSED.**

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Husband is less than one year older than Wife. In the "Background and Findings Relevant to Most Issues" section, the family court correctly lists the ages of both Husband and Wife at the time of marriage and at the time of the divorce hearing.