597 S.E.2d 840

**Sharon B. ROBERSON, Respondent,**

v.

**Willie Joe ROBERSON, Appellant.**

**No. 3802.**

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided May 24, 2004.

Rehearing Denied June 25, 2004.

-386

Charles Thomas Brooks, of Sumter, for Appellant.

Harry C. Wilson, of Sumter, for Respondent.

HEARN, C.J.:

The family court granted Sharon B. Roberson a divorce from Willie J. Roberson on the grounds of one year's continuous separation. On appeal, Husband challenges the equitable division of a mobile home park and the marital home, the award of alimony, the securing of the alimony, and the award of attorney's fees to Wife. We affirm.

## FACTS

Husband and Wife were married in 1987. Each party owned real property prior to the marriage. Wife's home was

used as the marital residence, and the parties made various improvements to it during the marriage. Husband owned a mobile home park prior to the marriage, and improvements were made to the park during the course of the marriage. The family court issued a divorce decree finding both properties were transmuted into marital property and apportioned the home sixty-five percent to Wife and thirty-five percent to Husband. The family court apportioned the original mobile home park sixty-five percent to Husband and thirty-five percent to Wife. The balance of the marital estate, including additional mobile homes purchased for the park during the marriage, was divided sixty-three percent to Husband and thirty-seven percent to Wife. The Wife was granted possession of the marital home, and Husband was ordered to assume the second mortgage and pay $41,460 to Wife. The remaining real and personal property, with the exception of a few personal items, was granted to Husband. The family court awarded Wife permanent periodic alimony in the amount of $600 per month and required Husband to maintain life insurance in the amount of $25,000 as security for the payment of alimony. Finally, the family court awarded Wife $8,000 in attorney's fees.

### STANDARD OF REVIEW

"On appeal from an order of the family court, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence." *Hopkins v. Hopkins*, 343 S.C. 301, 304, 540 S.E.2d 454, 456 (2000) (citation omitted). However, this broad scope of review does not require us to ignore the findings of the family court. *Haselden v. Haselden*, 347 S.C. 48, 58, 552 S.E.2d 329, 334 (Ct.App. 2001). "Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Id.* (citation omitted).

### LAW/ANALYSIS

### 1. Division of the Mobile Home Park and Marital Home

Husband argues the family court erred by assigning Wife a thirty-five percent interest in the original mobile home park

contending that Wife's contribution to the park was minimal. Further, Husband asserts that his contribution to the improvement and appreciation of the marital home should afford him a greater share of the home. We disagree.

Section 20–7–472 of the South Carolina Code (Supp.2003) sets forth the various equitable apportionment factors and vests the family court with discretion to decide what weight to assign the factors. *Jenkins v. Jenkins,* 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct.App.2001). When reviewing the family court's equitable apportionment, "this Court looks to the fairness of the overall apportionment. If the end result is equitable, it is irrelevant that this Court might have weighed specific factors differently than the trial judge." *Johnson v. Johnson,* 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988) (citations omitted). The family court's apportionment of marital property will not be disturbed on appeal absent an abuse of discretion. *Bragg v. Bragg,* 347 S.C. 16, 23, 553 S.E.2d 251, 255 (Ct.App.2001). "This court will affirm the family court judge if it can be determined that the judge addressed the factors under section 20–7–472 sufficiently for us to conclude he was cognizant of the statutory factors." *Jenkins,* 345 S.C. at 100, 545 S.E.2d at 537.

The family court in this case considered all fifteen of the statutory factors regarding equitable apportionment found in section 20–7–472, and made extensive written findings regarding these factors. Initially, the court noted that Husband made the major direct contributions to the marital property but that Wife made significant indirect contributions. The court found that both the home and the mobile home park had significant special equity prior to the marriage.

With respect to the home, the court found that Husband made mortgage payments on the home for five and a half years while Wife did not work. Husband correctly asserts that significant improvements had been made to the home during the marriage from marital funds, with most of the direct contributions coming from Husband's income. These improvements included installing a new roof, adding new carpeting, remodeling a bathroom and kitchen, building a patio, and installing a pool. However, at least some of the repairs appear to have been financed with marital funds in the

form of insurance proceeds received by the parties after Hurricane Hugo.

The family court also found that Wife had assisted with the mobile home park and that some of the original mobile homes had been replaced. There is ample testimony in the record to support this finding. Husband testified that at least three mobile homes from the original park had been replaced and four additional mobile homes acquired during the marriage. Wife also assisted with the running and maintenance of the mobile home park during the marriage. Wife testified that she helped Husband with the park's bookkeeping, raking, cleaning, shopping, and bank deposits. Wife's daughter testified that Wife worked in the mobile home park during the marriage by running errands. Wife's friend also testified that Wife worked in the park by raking leaves and shopping for curtains.

Based on the record and the family court's extensive consideration of the apportionment factors in section 20–7–472, we find no abuse of discretion in the court's equitable division of the marital home and the mobile home park.

### 2. Alimony and Alimony Security

Husband argues that the family court's award of $600 per month in permanent periodic alimony was excessive. We disagree.

The decision of the family court with respect to alimony will not be disturbed on appeal unless there is an abuse of discretion. *Dearybury v. Dearybury,* 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002). "An abuse of discretion occurs when the judge is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support." *Id.* (citation omitted). In making an award of alimony, the family court must consider the thirteen factors set forth in section 20–3–130(C) of the South Carolina Code (Supp.2003). "No one factor is dispositive." *Allen v. Allen,* 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct.App.2001) (citation omitted). Alimony is awarded as a substitute for support normally incident to a marital relationship and should place the supported spouse, as nearly as possible, in the same

position he or she enjoyed during the marriage. *Id.* at 184, 554 S.E.2d at 424.

■ In this case, the family court carefully considered and made written findings on all thirteen factors enumerated in section 20–3–130(C). However, Husband argues that the amount of alimony awarded to Wife will place Wife above the standard that she enjoyed during the marriage, and that it may operate as a disincentive for the Wife to provide her own support. The family court considered, and the evidence in the record supports a finding that the standard of living the parties enjoyed during the marriage was such that Husband provided for Wife's needs. However, Husband asserts that because Wife re-entered the work force subsequent to the parties' separation, her income, in addition to an award of alimony, would exceed the standard of living enjoyed during the marriage. Husband's argument is without merit. The family court considered Wife's post-separation income. The court evaluated Wife's expenses and income and determined that Wife would need approximately $1,000 per month to meet her anticipated expenses. Based on those financial findings, the family court awarded Wife $600 per month in alimony. We find this award is supported by the evidence in the record, and therefore the family court did not abuse its discretion in awarding alimony.

■ Husband also argues that the family court erred by requiring him to provide security for the alimony through a life insurance policy in the amount of $25,000 because the court did not make specific findings as required by section 20–3–130(D) of the South Carolina Code (Supp.2003). Section 20–3–130(D) states: "In making an award of alimony or separate maintenance and support, the court may make provision for security for the payment . . . *with due consideration* of the cost of premiums, insurance plans carried by the parties during marriage, insurability of the payor spouse, the probable economic condition of the supported spouse upon the death of the payor spouse, and any other factors the court may deem relevant . . . ." (emphasis added). There is no requirement that specific findings be made. *See Wooten v. Wooten,* 356 S.C. 473, 478, 589 S.E.2d 769, 771 (Ct.App.2003) (stating that while it is preferable for the family court judge to address the

statutory factors enumerated in section 20–3–130(D), the failure of the judge to make such a finding does not require the appellate court to vacate the judgment below).

Additionally, this statute is similar to the equitable apportionment statute, section 20–7–472 of the South Carolina Code (Supp.2003), which requires the family court to "give weight" to certain enumerated factors. That statute has been interpreted as not requiring specific findings by the family court as long as the factors were addressed with sufficiency for the appellate court to conclude the family court was cognizant of the factors in the particular case. *See Jenkins,* 345 S.C. at 100, 545 S.E.2d at 537. Here, the court commented that Husband already had a $50,000 life insurance policy in place and "that circumstances justify requiring the Defendant to secure his alimony payments[.]" Previously in its order, the court also thoroughly discussed the various financial positions of the parties. Thus, we believe that the family court properly considered all requisite factors to secure alimony.

### 3. Attorney's fees

Husband maintains the family court erred in ordering him to contribute $8,000 towards Wife's attorney's fees and costs. We disagree.

An award of attorney's fees lies within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion. *See Bowen v. Bowen,* 327 S.C. 561, 563, 490 S.E.2d 271, 272 (Ct.App.1997). The family court, in determining whether to award attorney's fees, should consider each party's ability to pay his or her own fees, the beneficial results obtained, the parties' respective financial conditions, and the effect of the fee on the parties' standard of living. *E.D.M. v. T.A.M.,* 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992). In determining the reasonable amount of attorneys fees to award, the court should consider the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsel's professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services. *Glasscock v. Glasscock,* 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

The family court found that Wife needed assistance to pay her attorney's fees and that Husband was in a position to assist because he received all of the income-producing property by way of equitable distribution. The family court also found that Wife obtained beneficial results in terms of equitable distribution and alimony. The family court considered the parties' respective financial conditions, including the impact of attorney's fees. Finally, the family court concluded that the amount of $8,000 was reasonable in light of the *Glasscock* factors. The court expressly considered each of the *Glasscock* factors in the final order, and we find no abuse of discretion in his award. *See Henggeler v. Hanson,* 333 S.C. 598, 605, 510 S.E.2d 722, 726 (Ct.App.1998) (finding no abuse of discretion in awarding attorney's fees when the family court considered the *Glasscock* factors).

Accordingly, the family court order is

**AFFIRMED.**

ANDERSON and BEATTY, JJ., concur.