THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David H. Nelson, Respondent,
 
 
 

v.

 
 
 
 Kathryn Dale Nelson, Appellant.
 
 
 

Appeal From Lexington County
Richard W. Chewning, III, Family Court Judge

Unpublished Opinion No. 2005-UP-369
Submitted May 1, 2005  Filed June 7, 2005

AFFIRMED

 
 
 
 John S. Nichols, of Columbia, for Appellant.
 Cynthia Barrier Castengera, of Newland, NC, and Sheila McNair Robinson, of West Columbia, for Respondent.
 
 
 

PER CURIAM:  This is a domestic action for modification of alimony consolidated with an appeal from the divorce decree.  Kathryn Dale Nelson (Wife) appealed the divorce decree ordering David H. Nelson (Husband) to pay her alimony in the amount of $500 per month.  Her appeal was held in abeyance while Husband sought a reduction in alimony based on changed circumstances.  The family court found a substantial change in circumstances and reduced the amount of alimony from $500 per month to $250 per month.  We affirm.[1] 
FACTS
Husband and Wife were married in 1980.  At the time of the divorce, Husband was 56 years of age and Wife was 54.  Although Wife is a seven-year cancer survivor and Husband suffers high blood pressure, both parties are in reasonably good health.  Each party received a high school diploma.  The parties three children have reached the age of majority.  Wife did not work outside the home during the marriage except for a short period in the fall of 2000.  However, she contributed to the marriage by performing household services such as cleaning, cooking, and caring for the children.  
Husband worked for BellSouth as a telephone specialist for over 30 years.  After the parties separated, Wife took a job as an office clerk with the South Carolina Law Enforcement Division (SLED).  The couples standard of living during the marriage was impacted by excessive consumer debt.  At the time of the divorce hearing, they owed nearly $37,000more than the equity in the marital home.  
Husband earned a gross monthly income of $4,741.66 and a net monthly income of $3,072.42.  Wife earned a gross monthly income of $1,484.90 and a net monthly income of $1,053.70.  Neither party anticipated an increase in income.  
In August of 2000, the family court issued a temporary order setting alimony at $500 per month.  Husband was ordered to contribute $750 toward Wifes attorneys fees.  By order filed May 17, 2001, the family court increased the alimony to $1,000 per month, as the marital home was sold and Husband was no longer required to make the mortgage payments.  
In the final order of divorce, the family court found both parties claimed expenses in excess of their income.  The court found Husbands financial declaration truthful and honest.  The court found Wife inflated her expenses.  From a net monthly income of $1,053.70, she claimed expenses totaling $3,318.48, including $266 per month for dental work she had not yet incurred, $300 per month for clothing, $300 per month for incidentals, and $275 per month for entertainment.  
Husband had no non-marital assets.  The Wife had a one-third interest in two parcels of family real estate in Florence:  a home listed for sale for $85,900 at the time of the hearing, and a 120-acre farm, both of which were non-marital assets.  The assets divided in equitable distribution consisted primarily of the proceeds from the sale of the marital home and Husbands retirement account.  The court allocated 60% of the estate to Husband because he had been the sole financial contributor to the marriage.  Each party retained a vehicle.  The court awarded Wife alimony as follows:  $150 per month beginning December 1, 2001, $200 per month beginning December 1, 2002, and $250 per month beginning December 1, 2003.  
Wife filed a motion for reconsideration.  The family court refused her request for $1,000 per month but increased the alimony to $500 per month.  Wife appealed this order.  With the permission of this court, the appeal was held in abeyance pending Husbands retirement.  Husband then filed an action for modification of alimony.  Wife answered and counterclaimed for attorneys fees.  
After a hearing, the family court found Husband had experienced a substantial and material change in circumstances.  Husband took voluntary retirement from BellSouth with a lump sum payment of one and a half times his annual salary.  The entire sum was paid to Wife to satisfy the equitable distribution ordered in the divorce decree.  
Husbands gross monthly income fell to $1,496.36 and his net monthly income to $1,014.65.  Additionally, Husbands property, excluding retirement, decreased from $42,846.87 to $4,772.67.  Husband was also required to pay for his insurance coverage and was experiencing new medical problems, including diabetes.  
In contrast, the family court found Wifes financial situation had improved.  She had been promoted to a full-time position at SLED and had received an increase in pay.  Her gross monthly income increased to $1,607 and her net monthly income to $1,243, excluding the alimony.  Additionally, her monthly expenses decreased almost $2,000, from $3,318.48 to $1,352.  She had purchased a new house in a residential community with a fenced-in yard and a security system.  Moreover, Wifes assets had increased, including $43,000 in a savings account.  She retained her one-third interest in the 120-acre farm in Florence and the house, which was then listed for sale for $59,500.  She also had an undisclosed sum in her SLED retirement account.  
The family court found that Husband met his burden of showing a substantial and material change of circumstances and ordered the alimony reduced to $250 per month.  Wife also appeals this order. 
STANDARD OF REVIEW
In appeals from the family court, this court has the authority to find the facts in accordance with its view of the preponderance of the evidence.  Greene v. Greene, 351 S.C. 329, 335, 569 S.E.2d 393, 397 (Ct. App. 2002).  This broad scope of review does not require us to disregard the findings of the family court, however.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Roberson v. Roberson, 359 S.C. 384, 388, 597 S.E.2d 840, 842 (Ct. App. 2004) (citation omitted).  
LAW/ANALYSIS

A.  Alimony
Wife argues error in the divorce decree setting alimony at $500, down from the $1,000 set in the temporary order.  Wife also appeals the modification order, setting alimony at $250 based on Husbands retirement.  We find no error.
The amount of alimony varied throughout the course of the litigation.  The family court temporarily ordered alimony of $500 per month and increased it to $1,000 per month after the marital home was sold.  After the hearing, the family court modified it to $150 per month beginning on December 1, 2001, $200 per month beginning on December 1, 2002, and $250 per month beginning on December 1, 2003.  However, in the order on Wifes motion to alter or amend, the family court increased alimony to $500 per month.  Following Husbands action for modification, the family court reduced it to $250 per month.  
1.  The Divorce Decree
Wife first argues that the family court erred in setting the alimony amount at $500 per month following the divorce, a reduction from $1,000 per month in the temporary order.  We disagree. 
An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.  Allen v. Allen, 347 S.C. 177, 183-84, 554 S.E.2d 421, 424 (Ct. App. 2001).  An abuse of discretion occurs when the judge is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support.  Roberson, 359 S.C. at 390, 597 S.E.2d at 843. 
Alimony is a substitute for the support that is normally incident to the marital relationship.  McElveen v. McElveen, 332 S.C. 583, 599, 506 S.E.2d 1, 9 (Ct. App. 1998).  The purpose of alimony is to place the supported spouse in the position he or she enjoyed during the marriage.  Deidun v. Deidun, 362 S.C. 47, 63, 606 S.E.2d 489, 498 (Ct. App. 2004).  However, alimony should not serve as a disincentive for a spouse to improve his employment potential or to dissuade him from providing for his own support.  Id. 
A court must consider the following factors in making an alimony award:  (1) the duration of the marriage; (2) the physical and emotional health of the parties; (3) the educational background of the parties; (4) the employment history and earning potential of both parties; (5) their standard of living during the marriage; (6) their current and reasonably anticipated earnings; (7) their current and reasonably anticipated expenses; (8) the marital and non-marital properties of the parties; (9) custody of the children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations of either party; and (13) other factors the court considers relevant.  S.C. Code Ann. § 20-3-130(C) (Supp. 2004). 
The family court carefully considered each of the statutory factors in the amended divorce decree and then reconsidered the amount of alimony in the final order.  In particular, the family court found Husband lacked the ability to pay $1,000 per month based on his financial declarations.  The family court observed that a large alimony amount would unduly penalize Husband.  See Beasley v. Beasley, 264 S.C. 611, 612, 216 S.E.2d 535, 535-36 (1975) (stating that alimony should not penalize one party and reward the other).  
Moreover, the family court questioned the veracity of the Wifes expenses in her financial declaration.  The court found her expenditures of $300 per month for clothing, $300 per month for incidentals, and $275 per month for entertainment to be excessive.  Additionally, the family court found her reported estimate of future monthly expenditures of $266 per month for dental work speculative.  The court further observed that Wifes financial declaration failed to include her one-third interest in the Florence family properties.  The family court found the properties were capable of generating additional income for Wife.  
We find no error in the family courts decision.  The family court judge was in a better position to evaluate the credibility and assign comparative weight to the testimony of the witnesses.  There was ample support for the award of $500 per month.
2.  Husbands Modification Action
Wife next challenges the reduction of the alimony to $250 per month in Husbands action for modification based on changed circumstances.  Wife contends Husbands retirement should not be considered a change of circumstances because it was within the contemplation of the parties at the time of the divorce decree.  We disagree.
Changed conditions may warrant a modification or termination of alimony.  Miles v. Miles, 355 S.C. 511, 516, 586 S.E.2d 136, 139 (Ct. App. 2003).  To justify modification, the changes in circumstances must be substantial or material.  Pendergast v. Pendergast, 354 S.C. 32, 38, 579 S.E.2d 530, 533 (Ct. App. 2003).  Voluntary changes in employment that impact a spouses ability to pay alimony will be closely scrutinized, and the family court may impute income in such situations.  Kelley v. Kelley, 324 S.C. 481, 488, 477 S.E.2d 727, 731 (Ct. App. 1996).  
Generally, changes within the contemplation of the parties at the time of the divorce decree do not provide grounds for modification of alimony.  Calvert v. Calvert, 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct. App. 1985).  However, events that are anticipated but considered distant at the time the decree is entered may qualify as changed circumstances permitting modification in alimony.  Sharps v. Sharps, 342 S.C. 71, 77, 535 S.E.2d 913, 916 (2000).  In Sharps, the court explained as follows:  As a general rule, a court hearing an application for a change in alimony should look not only to see if the substantial change was contemplated by the parties, but most importantly whether the amount of alimony in the original decree reflects the expectation of that future occurrence.  Id. at 78, 535 S.E.2d at 917.  
The family court noted in the divorce decree that Husband was approaching retirement age.  However, Husband testified at the hearing that he planned to work at least six more years before retiring.  Although Husbands retirement was voluntary, Husband retired because his employer announced an anticipated layoff of 4,000 to 5,000 managers and offered early retirement packages.  Husband testified that the retirement package, a lump sum payment of one and a half times his annual salary, was the best he had seen while employed at BellSouth.  
Moreover, the change in financial condition of the parties was significant.  As a result of retirement, Husbands monthly income was significantly reduced.  Meanwhile, Wifes financial condition had substantially improved.  Her monthly income increased and her expenses decreased.  We find no error in the family courts finding of changed circumstances.
B.  Equitable Distribution
Wife next contends the family court should have ordered an equal division of the marital estate.  We disagree. 
Section 20-7-472 of the South Carolina Code (Supp. 2004) sets forth the equitable apportionment factors a court must consider and vests the family court with discretion to weigh the evidence bearing on each factor.  On review, this Court looks to the fairness of the overall apportionment.  If the end result is equitable, it is irrelevant that this Court might have weighed specific factors differently than the trial judge.  Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988) (internal citation omitted).  
Wife did not work outside the home at all during the marriage, except for a two or three-month period when she had a part-time job.  In similar cases, the appellate courts of this state have upheld a similar split.  In Pool v. Pool, the wife made approximately twenty percent of the financial contributions to the marriage in addition to her contributions as a homemaker.  321 S.C. 84, 87, 467 S.E.2d 753, 755 (Ct. App. 1996), modified on other grounds, 329 S.C. 324, 494 S.E.2d 820 (1998).  The court found no abuse of discretion in a 60/40 split.  Id. at 88, 467 S.E.2d at 756.  See also Bragg v. Bragg, 347 S.C. 16, 24, 553 S.E.2d 251, 255 (Ct. App. 2001) (finding a 65/35 property split fair and equitable); Brandi v. Brandi, 302 S.C. 353, 358, 396 S.E.2d 124, 127 (Ct. App. 1990) (upholding a 70/30 property split).  
The family court in this case recited that it considered all of the statutory factors regarding equitable apportionment found in section 20-7-472.  Although Wife made significant indirect contributions to the marriage, Husband was the sole financial contributor.  We find no abuse of discretion.  
C.  Factual Finding Regarding Wifes Inherited Property
Wife next contends the family court erred in finding her interest in the Florence properties afforded her a sufficient financial resource from which she is able to generate additional funds.  We disagree. 
South Carolina law requires a court to consider, inter alia, the opportunity of each spouse for future acquisition of capital assets, and the non-marital property of each spouse.  S.C. Code Ann. § 20-7-472(4) & (7) (Supp. 2004).  When determining the amount of alimony, a court must consider marital and non-marital properties of the parties, and any other factors the court considers relevant.  S.C. Code Ann. § 20-3-130(C)(8) & (13) (Supp. 2004). 
Wife first points out that although the house was listed for $85,900 at the time of the hearing, the price was subsequently reduced to $59,500 and no offers had been received due to extensive termite damage.  Despite the need for repairs to one of the properties, the potential for Wife to generate income or funds from both properties continues to exist.  We find no error.
D.  Attorneys Fees
Wife finally argues the family court erred in requiring the parties to pay their own attorney fees.  We affirm.  
An award of attorneys fees is within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  See Bowen v. Bowen, 327 S.C. 561, 563, 490 S.E.2d 271, 272 (Ct. App. 1997).  In determining whether to award attorneys fees, the family court should consider each partys ability to pay his or her own fees, the beneficial results obtained, the parties respective financial conditions, and the effect of the fee on the parties standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  
The family court found that both parties had achieved beneficial results and neither party was at fault in the breakup of the marriage.  We find no error.  
CONCLUSION
For the foregoing reasons, the order of the family court is 
AFFIRMED.

ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.