THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
 Sheila M. Costenbader, Appellant,
 
 
 

v.

 
 
 
 Glenn A. Costenbader, Respondent.
 
 
 

Appeal From Fairfield County
 Walter B. Brown, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-027
Heard January 9, 2006  Filed January 12, 2006

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Stephen C. Hucks, of Columbia, for Appellant,
 John S. Nichols and Walter H. Smith, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this domestic dispute, Sheila M. Costenbader (Wife) appeals the family court order granting her divorce from Glenn A. Costenbader (Husband).  We affirm in part and reverse in part. 
FACTS
On October 7, 1972, Wife and Husband married.  Thirty-one years later, on September 5, 2003, they divorced.  Wife and Husband began their marriage in Pennsylvania.  In 1987, they moved to Winnsboro, South Carolina, where Wife worked at an Advanced Auto Parts store and Husband worked at a Mack Truck plant.  In the Fall of 2001, Husband discovered the Mack Truck plant was closing.  
Earlier that year, on February 7, 2001, Wife sought a divorce based on Husbands infidelity and intoxication.  Wife claimed, and Husband admitted, Husband committed adultery multiple times during their marriage.  Wife alleged Husband would frequent a local bar called Grizzly Jacks each day after work.  She complained of his excessive drinking at the bar as well as his corresponding absence from the marital home.  
The family court granted Wifes divorce based on Husbands adultery.  Initially, the family court granted Wife alimony of $500 per month; however, the court reconsidered and denied this award because it found Husbands marital misconduct did not affect the economic circumstances of the parties.  The court concluded the Jackson Creek Road property, which Husband purchased with money he inherited from his parents, was nonmarital property.[1]  The court apportioned the marital estate 50/50.  Finally, the court granted Wife attorneys fees of $2,000, the amount of the initial retainer, although Wife requested $5,500.  
Presently, Wife works as a rural mail carrier.  She makes between $35,000 and $40,000 a year, less expenses for the upkeep of her vehicle.  Husband has been unemployed since 2002.  Wife and Husband had three children during the marriage, all of whom have reached the age of majority.  
ISSUES

 
 I. 
 Whether the family court erred in denying alimony previously awarded to Wife.
 
 
 II.
 Whether the family court erred in concluding the Jackson Creek Road property was not part of the marital estate. 
 
 
 III. 
 Whether the family court erred in apportioning the marital estate. 
 
 
 IV.
 Whether the family court erred in granting a divorce based solely on Husband’s adultery.
 
 
 V. 
 Whether the family court erred in awarding attorney’s fees of $2,000 rather than the $5,500 requested by Wife.      
 
 
 VI.
 Whether the family court erred in holding Wife in contempt. 
 
 
 VII.
 Whether the family court erred in granting Husband’s motion for reconsideration. 
 

STANDARD OF REVIEW
In an appeal from the family court, the appellate court may find facts in accordance with its own view of the preponderance of the evidence.  Dearybury v. Dearybury, 351 S.C. 278, 569 S.E.2d 367 (2002).  This broad scope of review does not require the appellate court to disregard the findings of the family court.  Bowers v. Bowers, 349 S.C. 85, 561 S.E.2d 610 (Ct. App. 2002).  Rather, the appellate court should be cognizant of the fact the family court was in a better position to evaluate the credibility of the witnesses and assign comparative weight to their testimony.  Holler v. Holler, 364 S.C. 256, 612 S.E.2d 469 (Ct. App. 2005).
LAW/ANALYSIS
I.  Alimony 
Wife argues the family court erred in denying her alimony.  We agree.
The decision to grant or deny alimony is within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.  Dearybury v. Dearybury, 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002).  An abuse of discretion transpires when the family court is controlled by an error of law or when the findings of fact are without evidentiary support.  Id.  Section 20-3-130(C) of the South Carolina Code (Supp. 2004) outlines thirteen factors the family court must consider and weigh when it determines an alimony award.  One of these factors is marital misconduct that affects the economic circumstances of the parties.  S.C. Code Ann. § 20-3-130(C)(10).  No one factor is dispositive.  Allen v. Allen, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001).  Alimony is awarded as a substitute for support normally incident to a marital relationship and should place the supported spouse, as nearly as possible, in the same position he or she enjoyed during the marriage.  Roberson v. Roberson, 359 S.C. 384, 390-91, 597 S.E.2d 840, 843 (Ct. App. 2004). 
In this case, the family court terminated the $500 monthly alimony it initially granted to Wife, because it found Wife presented no evidence Husbands marital misconduct affected the economic circumstances of the parties.  We find the record replete with evidence to the contrary and reverse the family court on this issue.  First, Husband admitted he had sex with three other women while married to Wife.  Second, Husband conceded to drinking until drunk, and admitted Wife picked him up from Grizzly Jacks multiple times as a result of his intoxication.  On such occasions, Wife would have to drive Husband back to Grizzly Jacks in the morning, so he could pick up his truck to drive to work.  
Wife testified Husband went to Grizzly Jacks just about every day after work, where he would spend hundreds of dollars each month on alcohol.  His absence from the marital home made it difficult for Wife to make marital decisions and raise their three children.  His intoxication lead to numerous arrests for driving under the influence, which lead to increased insurance rates.  Based on these facts, the family court initially awarded Wife $500 monthly alimony.  The family court later terminated this award for reasons not explained in the order nor manifested by the record.  Because we believe the record shows Husbands marital conduct affected the economic circumstances of the parties, we find the family court erred in terminating the alimony it initially awarded Wife. 
Therefore, we find the $500 monthly alimony is proper to place Wife in the same position she enjoyed prior to this divorce action.  During the marriage, Husband made significantly more money than Wife.  Husband testified he contributed 75% of the marital income over the course of their marriage.  Moreover, Husbands unemployment status is not entirely outside of his control.  When Husband heard about the plant closing in Winnsboro, he had the option of transferring to other plants, including plants in Georgia, Maryland, and Pennsylvania.  He only attempted to transfer to the Pennsylvania plant because he did not want to live where the other plants were located.  He was unable to obtain a transfer to the Pennsylvania plant, and has been unemployed since 2002.  We do not believe Husband incapable of finding employment, and in light of the purpose of alimony to place Wife in the same position she enjoyed during the marriage, we reinstate the $500 monthly alimony to Wife from Husband.  
II.  Marital Property
Wife argues the family court erred in omitting the Jackson Creek Road real property from the marital estate.  We disagree. 

 The term marital property . . . means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation as provided in § 20-7-472 regardless of how legal title is held, except the following, which constitute nonmarital property:
 (1) property acquired by either party by inheritance, devise, bequest, or gift from a party other than the spouse;

S.C. Code Ann. § 20-7-473 (Supp. 2004).  The burden of showing an exemption under section 20-7-473 is upon the party claiming the property acquired during the marriage is nonmarital.  Widman v. Widman, 348 S.C. 97, 557 S.E.2d 693 (Ct. App. 2001).  Nonmarital property can be transmuted into marital property if the property at issue is (1) so commingled with marital property as to be untraceable, (2) jointly titled, or (3) utilized by the parties in support of the marriage or in some other manner as to evidence an intent by the parties to make it marital property.  Greene v. Greene, 351 S.C. 329, 338, 569 S.E.2d 393, 398 (Ct. App. 2002).  The party claiming transmutation has the burden of showing the parties regarded the property at issue as marital property during the marriage.  Id.
Husband testified, and Wife did not dispute, the Jackson Road Property was acquired by inheritance.  Therefore, Husband showed this property was exempted under section 20-7-473, and should be considered nonmarital property.  Wife argues the Jackson Road Property should be transmuted because they treated it as marital property.  She claims she helped Husband move brush and burn trash on the property.  Husband claims the Jackson Road Property was not transmuted, and produced a deed showing the property was entitled to Husband only.  Based on these facts, Wife failed to carry the burden of showing the parties considered Jackson Road Property marital property.  See Johnson v. Johnson, 296 S.C. 289, 295-96, 372 S.E.2d 107, 111 (Ct. App. 1988) (The mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation.).
The family court correctly found the Jackson Road Property was not marital property, because Husband purchased it with inheritance money, nor transmuted property, because it was not commingled with marital property, titled solely to Husband, and not utilized in a way that evidenced an intent to make it marital property.   
III.     Equitable Division
Wife argues the family court erred in apportioning the marital property.  We disagree. 
The family courts apportionment of marital property will not be disturbed on appeal absent an abuse of discretion.  Roberson, 359 S.C. at 389, 597 S.E.2d at 842-43.  The family court has wide discretion in determining how marital property is to be distributed.  Greene, 351 S.C. at 341, 569 S.E.2d at 400.  Section 20-7-472 of the South Carolina Code (Supp. 2004) outlines fifteen factors the family court should weigh when apportioning the marital property, and an appellate court will affirm the family court if it can be determined the family court addressed these factors. Roberson, 359 S.C. at 389, 597 S.E.2d at 843. 
The family court sufficiently addressed the factors outlined in section 20-7-472.  The family court considered the age of the parties, the marital misconduct of Husband, the value of the marital property, the income of each spouse, the health of each party, the Husbands nonmarital property, alimony, and other relevant factors when it apportioned the marital property 50/50.  We find no abuse of discretion.   
IV.     Grounds for Divorce
Wife argues the family court erred in granting Wifes divorce based solely on Husbands adultery.  We disagree. 
Section 20-3-10 of the South Carolina Code (1985) provides that [n]o divorce from the bonds of matrimony shall be granted except upon one or more of the following grounds, including adultery or habitual drunkenness . . . . (emphasis added).  Nothing in section 20-3-10 mandates the family court must grant a divorce on all possible grounds listed: any one ground will suffice.  Because Husband admitted his adultery, the family court could, and did, grant a divorce on that ground alone.  We find Wifes argument to be without merit.  
V.      Attorneys Fees
Wife argues the family court erred in awarding attorneys fees of $2,000 rather than the $5,500 Wife requested.  We disagree.      
An award of attorneys fees lies within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  Roberson, 359 S.C. at 392, 597 S.E.2d at 844.  Section 20-3-120 of the South Carolina Code (1985) provides:

 In every divorce action from the bonds of matrimony either party may in his or her complaint or answer or by petition pray for the allowance to him or her of alimony and suit money and for the allowance of such alimony and suit money pendente lite.  If such claim shall appear well-founded the court shall allow a reasonable sum therefor.

In determining the amount of attorneys fees to award, the family court should consider the following six factors: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991). 
 In light of the fact Husband admitted his adultery from the outset of the case, Wifes divorce action was fairly straightforward.  We find the family court did not abuse its discretion in awarding Wife $2,000 in attorneys fees rather than $5,500.
 VI.    Contempt
Wife argues the family court erred in holding Wife in contempt.  We disagree. 
The determination of contempt is within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.  Smith v. Smith, 359 S.C. 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004).  Contempt results from the willful disobedience of a court order.  Id.  A willful act is one done voluntarily and intentionally with the specific intent not to do something the law requires to be done.  Id.  A party cannot be held in contempt for violating a court order that fails to apprise that party in clear and certain terms of the actions that must be taken to satisfy the order.  Phillips v. Phillips, 288 S.C. 185, 188, 341 S.E.2d 132, 133 (1986) (One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do.).
The family court ordered each party to execute any deeds necessary to effectuate the apportionment of the marital estate.  Wife was required to deliver to Husband deeds to property in Pennsylvania and Florida.  These properties were clearly indicated in an exhibit to the family court order.  Wife intentionally did not deliver these deeds.  Accordingly, the family court did not abuse its discretion when it held Wife in contempt for failing to deliver these deeds to Husband.   
VII.   Motion for Reconsideration 
Wife argues the family court erred in granting Husbands motion for reconsideration.  We disagree. 
Wife appears to argue that because the issues raised by Husband in his Rule 59(e), SCRCP, motion to alter or amend judgment were not heard by oral argument, the family court erred in granting Husbands motion.  Rule 59(f) expressly provides a Rule 59(e) motion may in the discretion of the court be determined on briefs filed by the parties without oral argument.  In this case, the family court chose to rule on Husbands motion without oral argument.  Because the decision to grant the motion without oral argument is clearly within the family courts discretion, Wife should have filed a brief in opposition to Husbands motion if she wished to contest the issues raised by Husbands motion.  Accordingly, the family court did not err in granting Husbands motion. 
CONCLUSION
 Therefore, we hold the family court erred in terminating Wifes alimony.  We reinstate the $500 monthly alimony to Wife from Husband.  The remaining issues are affirmed.  
The order of the family court is   
AFFIRMED IN PART; REVERSED IN PART.
GOOLSBY and ANDERSON, JJ., and CURETON, A.J., concur.

[1]  There are two relevant tracts of real property on Jackson Creek Road.  The first, located at 10448 Jackson Creek Road, is the marital home awarded to Wife.  The second, located at 2202 Jackson Creek Road, is the parcel of land the family court determined to be nonmarital property.  The Jackson Creek Road property referred to here is the latter tract located at 2202 Jackson Creek Road.