**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Grayson J. Dailey, Appellant,

v.

SC Home Holdings, LLC, Lexington County and Jim Eckstrom in his official capacity as Treasurer of Lexington County, and John Doe, Respondents.

Appellate Case No. 2022-001128

———————————

Appeal From Lexington County
James O. Spence, Master-in-Equity

———————————

Unpublished Opinion No. 2024-UP-164
Submitted April 1, 2024 – Filed May 8, 2024

———————————

**AFFIRMED**

———————————

William James LaLima, of LaLima Law Firm, LLC, of West Columbia, for Appellant.

Jeffrey M. Anderson, of Davis Frawley LLC, of Lexington, for Respondents Lexington County, Eckstrom, and Doe.

Dennis Wayne Catoe and Spencer Andrew Syrett, of Columbia, for Respondent SC Home Holdings, LLC.

———————————

**PER CURIAM:** Grayson Dailey appeals the Lexington County master-in-equity's order confirming the tax sale on his real property. He argues the master-in-equity erred in confirming the tax sale because Lexington County (1) did not post the tax sale notice in a "conspicuous place" when it placed it on a tree along the driveway to his property; (2) did not show the notice was affixed so that it would remain visible for a period of time after posting; and (3) did not list the publication notice of the tax sale alphabetically in Dailey's name. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the county placed the tax sale notice in a "conspicuous place" on the property as required by section 12-51-40(c) of the South Carolina Code (2014). *See Folk v. Thomas*, 344 S.C. 77, 80, 543 S.E.2d 556, 557 (2001) ("An action to set aside a tax deed is in equity."); *id.* ("Therefore, [an appellate c]ourt may take its own view of the preponderance of the evidence."); *Dearybury v. Dearybury*, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002) ("[W]hen an appellate court chooses to find facts in accordance with its own view of the evidence, the court must state distinctly its findings of fact and the reason for its decision."); *Smith v. Barr*, 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct. App. 2007) ("[T]his scope of review does not require us to disregard the [m]aster's factual findings because the [m]aster saw and heard witnesses and was in a better position to judge their credibility and demeanor."). The county posted the notice to a tree on Dailey's property that could be seen from his driveway and Dailey conceded he would have seen the notice if he used his driveway. Although Dailey testified he utilized his neighbor's driveway rather than his own, his neighbor also testified Dailey did not possess an easement or any recorded legal right to use the driveway and the county testified it would not have been aware there was a different driveway from another person's property that Dailey utilized. *See* § 12-51-40(c) (stating if a "certified mail" notice has been returned, the county must "take exclusive physical possession of the property" by "posting a notice at one or more conspicuous places on the premises"); *Conspicuous Place, Black's Law Dictionary* (11th ed. 2019) (defining conspicuous place, "for the purposes of posting notices," as "a location that is reasonably likely to be seen"); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

2. We hold Dailey has failed to show the posting did not otherwise strictly comply with section 12-51-40(c). Although Dailey asserts there was no evidence as to "whether the notice was up for [ten] days or [ten] minutes" and there was no

testimony about the material and the method used to post the notice, it was Dailey's burden to show the notice was not properly posted by the county. *See Smith*, 375 S.C. at 162, 650 S.E.2d at 489 (explaining that when a master-in-equity sits as fact-finder, the plaintiff "shoulder[]s the burden to prove to the [m]aster, by a preponderance of the evidence, that the [t]ax [o]ffice failed to properly post the required statutory notice on the [p]roperty"). Here, Dailey speculates the notice may have immediately fallen down after being posted; however, the photograph of the notice submitted to the master showed it squarely affixed to a tree and Dailey has failed to demonstrate it was not otherwise posted properly. *See* § 12-51-40(c) (stating if a "certified mail" notice has been returned, the county must "take exclusive physical possession of the property" by "posting a notice at one or more conspicuous places on the premises").

3. We hold the publication notice was not defective when it advertised the property in the name of "Quattlebaum, Regina Y., now owned by Dailey, Grayson." Section 12-51-40(d) of the South Carolina Code (2014) requires the advertisement for sale "include the delinquent taxpayer's name." Here, the defaulting taxpayer on record was Regina Quattlebaum because she was the owner as of December 31 of the prior year. *See* S.C. Code Ann. § 12-37-610 (2014) ("Each person is liable to pay taxes and assessments on the real property that, as of December thirty-first of the year preceding the tax year, he owns . . . as recorded in the public records for deeds of the county in which the property is located . . . ."); *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581 ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Nevertheless, Dailey's name was printed directly beside Quattlebaum's name as the current owner of the property although there was no requirement for the county to do so.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.