22870

Sandra STEVENSON, Respondent v.
James STEVENSON, Appellant.

(368 S. E. (2d) 901)

Supreme Court

*A. F. Carter, III*, Orangeburg, *for appellant.*

*Douglas N. Truslow*, Columbia, *for respondent.*

Heard Feb. 16, 1988.

Decided May 23, 1988.

CHANDLER, Justice:

This appeal from a divorce decree involves issues of alimony, child support, equitable apportionment, costs and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Appellant (Husband) and Respondent (Wife) were married in 1963. Of their three children, only Tara, now age 17, is unemancipated. She resides with Husband.

Husband became totally and permanently disabled in 1974 when he suffered a heart attack while employed as a fireman. He receives Social Security and state retirement benefits on his own behalf and Social Security payments on Tara's behalf.

Prior to Husband's disability, Wife was employed regularly in various clerical positions. She also assisted Husband in the operation of a jointly owned janitorial business. After his disability, she operated the business until 1983 when it was liquidated.

Wife entered college to pursue a degree in practical nursing, with graduation scheduled for May, 1987. During this period she earned $330.00 per month from part-time employment.

In May 1986 Wife left the marital home and commenced this action for legal separation. Husband counterclaimed for

divorce on the ground of adultery. Although Wife's reply denied the adultery, she admitted it at the hearing.

The Family Court granted Husband a divorce on the ground of adultery and awarded him custody of Tara, but denied alimony and child support. The Court also ordered the marital home and most of the parties' personal property to be sold and the proceeds divided evenly. Finally, the parties were ordered to pay their own attorney fees and costs.

## I. ALIMONY

Husband contends that the Family Court erred in denying alimony. We disagree.

The grant or denial of alimony is addressed to the ■ ■ discretion of the Family Court. *Clardy v. Clardy,* 266 S. C. 270, 222 S. E. (2d) 771 (1976); *Doe v. Doe,* 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985). Considering the factors set out in *Lide v. Lide,* 277 S. C. 155, 283 S. E. (2d) 832 (1981), we find that under the circumstances existing at the time, the Court properly declined to award alimony. In view of Husband's disability, however, and because of Wife's prospects for future employment, his right to seek alimony in the future is preserved. *See Tucker v. Tucker,* 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984).

As qualified, the ruling on alimony is affirmed.

## II. CHILD SUPPORT

Husband contends Wife should be required to pay child support.

The grant or denial of child support is, likewise, ad-■ dressed to the sound discretion of the Family Court. *Mitchell v. Mitchell,* 283 S. C. 87, 320 S. E. (2d) 706 (1984). Here, Wife's inability to make payments supports the Court's denial. Husband may later petition for child support upon a change in circumstances.

In light of the fact that Wife is not required to pay ■ support, and considering the best interests of the child, we agree with Husband that the Court should have awarded him exclusive possession of the marital home as an incident of child support. *See Herring v. Herring,* 286 S. C. 447, 335 S. E. (2d) 366 (1985). Accordingly, he shall

retain exclusive possession of the home until Tara completes high school. Until then, Husband shall continue to make the mortgage payments and shall maintain the home in good repair. Thereafter, the Family Court's order for disposition of the residence shall be carried out.

### III. APPORTIONMENT OF MARITAL PROPERTY

The Family Court ordered the marital home and virtually all of the personal property to be sold and the proceeds divided. Husband contends this was error.

The Family Court may require a sale of marital property, and a division of the proceeds, to effect an equitable apportionment. *See* S. C. Code Ann. § 20-7-476 (Supp. 1987). The court, however, should first attempt an in-kind distribution of the marital assets.

In this case, an in-kind division of the residence is not feasible. Accordingly, its sale is affirmed, subject to Husband's right to exclusive possession as provided in Part II of this opinion.

The record does not indicate what portion, if any, of the parties' personal property is capable of in-kind division. We remand for that determination. We also hold that the parties' two vehicles shall be included with the other personal property.

### IV. ATTORNEY FEES AND COSTS

Finally, Husband argues the Family Court should have required Wife to pay his attorney and investigator fees.

The Family Court is authorized by statute to order payment of suit money, including attorney fees, to either party in a divorce action. S. C. Code Ann. §§ 20-3-120,-130 (1985); *Miller v. Miller*, 280 S. C. 314, 313 S. E. (2d) 288 (1984). Whether such awards shall be made rests within the discretion of the Family Court. We find no abuse of discretion here in requiring the parties to pay their own attorney fees. *Skipper v. Skipper*, 290 S. C. 412, 351 S. E. (2d) 153 (1986).

Reasonable and necessary expenses incurred in obtaining evidence of a spouse's adultery are recoverable as suit money. 24 Am. Jur. (2d) *Divorce and*

*Separation* § 588 (1983); Annot., 99 A.L.R. (2d) 264 (1965). Despite assertion that proof was unnecessary, Wife did not admit her adultery until trial. Nothing in the record indicates the investigator's fees were unreasonable. Accordingly, Wife shall reimburse Husband for these expenses.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.