THIS OPINION HAS NOT PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
George A. Sowell,       
Appellant,
 
 
 

v.

 
 
 
Mayme Gust Sowell,       
Respondent.
 
 
 

Appeal From Horry County
H. T. Abbott, III, Family Court Judge

Unpublished Opinion No. 2004-UP-340
Submitted May 12, 2004  Filed May 18, 
 2004 

AFFIRMED

 
 
 
Robert Lucas Lumpkin, Jr., of Georgetown; Thomas M. Neal, 
 III, of Columbia, for Appellant.
Deborah Harrison Sheffield, of Columbia, for Respondent.
 
 
 

PER CURIAM:  George A. Sowell (Husband) 
 appeals from the family court judges modification of a spousal support award 
 to Mayme Gust Sowell (Wife).  We affirm.
FACTUAL/PROCEDURAL
BACKGROUND

Husband
and Wife were divorced in September 1983, after 27 years of marriage. 
At the time of the divorce,
Husband was 53 years old and employed as a physician, while Wife was 48 years
old and unemployed.  After
considering the various appropriate factors, the court ordered Husband to pay
alimony to Wife in the amount of $3,000 per month. 
 

Ten
years later, in December 1993, Husband brought an action to reduce Wifes
alimony award.  On January 20, 1994,
the parties entered into a consent order in which Wifes alimony award would
be reduced and the amount of the reduction held in abeyance pending her
remarriage.  The amount held in
abeyance was then to be paid to Wife when she remarried, at which time
Husbands alimony obligation would end.  Wifes
remarriage, however, did not occur.  Thereafter,
in May 1994, Husband filed an amended complaint seeking a reduction, suspension
or termination of the alimony payments based upon an alleged substantial change
in the parties financial conditions.  A
hearing was held on the matter in August 1996. 
At that time, Husband alleged he had diluted his income due to his
advancing age and his inability to continue to work the number of hours he
previously worked in his medical practice. 
He further alleged he had reduced and plan[ned] to eliminate his
obstetrical practice.  On October
10, 1996, the family court judge issued an order maintaining the monthly $3000
alimony award.  The judge found
Husbands reduction in income was insufficient to warrant a reduction in
alimony.  Specifically, he found the
reduction in Husbands income was contemplated by him inasmuch as Husband
testified he anticipated reducing his hours as he approached retirement. 
The judge further found Husband anticipated use of his retirement funds
to supplement his reduced income.  The
family court judge found Husbands reduction in income should have been
anticipated by the parties at the time of the alimony award in 1983. 
 In August 2001, Husband filed another 
 action seeking a reduction in the $3,000 alimony award.  Husband sought this 
 change in his support obligation based on both his reduction of income and 
 Wifes improved financial condition.  After a hearing, the family court judge 
 issued an order reducing the alimony award from $3000 per month to $2000 per 
 month.  The judge noted Husbands net worth had decreased from $1,076,000 
 in 1996 to $925,000 in 2002, as he withdrew his retirement to supplement his 
 income, while Wifes net worth increased from $492,000 in 1996 to $865,000 
 in 2002. [1]   However, he determined 
 Husbands retirement was foreseeable and within the purview of the parties.  
 On the other hand, he found fluctuations in the stock market were not anticipated, 
 and Wifes substantially changed financial condition resulting from fortuitous 
 investments warranted a modification in alimony.  The judge found both parties 
 were well represented and both had positions of merit.  He therefore denied 
 attorneys fees for either party.  The family court judge subsequently denied 
 Husbands motion to alter or amend the judgment.  
 Husband appeals, arguing the family court judge 
 erred in making certain findings concerning his financial condition, and in 
 failing to further reduce or eliminate his alimony obligation.  He further 
 asserts error in the denial of attorneys fees.
 STANDARD
 OF REVIEW
 In appeals from the family court, 
 this court has the authority to find the facts in accordance with its own 
 view of the preponderance of the evidence.  Rutherford v. Rutherford, 
 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  This broad scope of review 
 does not, however, require this court to disregard the findings of the family 
 court.  Dearybury v. Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 
 369 (2002).  Rather, because the family court is in a superior position 
 to judge the witnesses demeanor and veracity, its findings should be given 
 broad discretion.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 
 620, 623 (2003).   

 LAW/ANALYSIS

I.         
Modification of Alimony Award
 Husband argues that, in determining 
 the amount to reduce the alimony award, the family court judge committed 
 reversible error in including the valuation of a life insurance policy 
 as well as Husbands current wifes interest in their marital home in 
 the value of Husbands assets.  Husband also argues the family court 
 judge erred in failing to either further reduce or terminate the alimony 
 award.  We disagree.
           A.      Life insurance policy
 Husband argues the family court judge erred 
 in including the value of a life insurance policy in determining his 
 assets.  Specifically, Husband argues the policy should not have been 
 considered because it is the subject of an irrevocable trust and he 
 has no access to the funds.
 It is undisputed that in 1985, 
 Husband placed certain life insurance policies in a trust for the benefit 
 of his children.  In determining Husbands net worth to have decreased 
 from $1,076,000 in 1996 to $925,000 in 2002, the family court judge 
 stated he included $80,000 for the cash value of life insurance in the 
 $925,000 figure.  The judge recognized Husband testified this money 
 was placed into an Irrevocable Unfunded Life Insurance Trust for his 
 children prior to the 1996 hearing to which he has no access to withdraw 
 funds.  However, the judge stated his inclusion of this policy was 
 merely for comparison purposes, as Husband had included the value of 
 this policy on his 1996 financial declaration.  
 We find the family court judge 
 properly considered the $80,000 cash value of the life insurance policy 
 when determining Husbands 2002 net worth inasmuch as Husband had included 
 this figure on his 1996 financial declaration, even though he had transferred 
 this policy to the trust prior to 1996.  Therefore, as stated by the 
 judge in the final order, the inclusion of the cash value of the policy 
 in the instant case was merely to compare Husbands current financial 
 situation with his 1996 finances.  The family court judge could not 
 properly compare the change in Husbands financial condition without 
 including this same asset as listed on his 1996 financial declaration.  
 

 B.        Interest in marital home

 Husband argues the family court judge erred 
 in including the full value of his home, including his current wifes 
 one-half interest in the home, in determining his assets.  
 In determining Husbands current 
 net worth, the family court judge considered Husbands interest in his 
 marital home to be 100 percent.  Akin to the situation with the life 
 insurance policy, however, the judge stated the inclusion of the marital 
 home in the calculation of Husbands net worth was solely for the purpose 
 of comparison.  
 The record shows that in May 
 2001, Husband transferred a one-half interest in his home to his current 
 wife.  Husband testified his wife did not pay him anything for this 
 transfer of interest.  Similar to our findings regarding the inclusion 
 of the life insurance policy when determining Husbands current net 
 worth, we find the family court judge properly considered the full value 
 of Husbands current marital home.  The full value of his home was listed 
 on Husbands 1996 financial declaration; thus the family court was within 
 its discretion in taking into account the full value of the home in 
 determining whether there was a change in circumstances.  This is especially 
 true as the family court judge noted he included the home solely for 
 the purpose of comparison. [2] 
           C.      Further reduction 
 or termination of alimony
 Husband also argues the family 
 court judge erred in failing to further reduce or terminate Wifes alimony 
 award.  He contends Wife no longer has a need, or at least not a significant 
 need, for alimony, and he is no longer in a position to pay it. 
 [3] 
 An award of periodic alimony may be modified 
 based on a change of circumstances pursuant to S.C. Code Ann. § 20-3-170 
 (1985). In order to justify modification or termination of an alimony 
 award, the changes in circumstances must be substantial or material.  
 Eubank v. Eubank, 347 S.C. 367, 372, 555 S.E.2d 413, 416 (Ct. 
 App. 2001) (citing Thornton v. Thornton, 328 S.C. 96, 111, 492 
 S.E.2d 86, 94 (1997)).  Further, the change in circumstances must be 
 unanticipated.  Kelley v. Kelley, 324 S.C. 481, 486, 477 S.E.2d 
 727, 729 (Ct. App. 1996).  Several considerations relevant to the initial 
 setting of an alimony award may be applied in the modification context 
 as well, including the parties standard of living during the marriage, 
 each partys earning capacity, and the supporting spouses ability to 
 continue to support the other spouse.  Id.  The modification 
 of alimony is within the sound discretion of the family court and will 
 not be overturned absent an abuse of that discretion.  Riggs v. Riggs, 
 353 S.C. 230, 236, 578 S.E.2d 3, 6 (2003). 
 We find a further reduction or 
 outright termination of Husbands alimony obligation is not warranted 
 in this case.  Though Husband argues his circumstances have changed 
 and his net worth has decreased since his retirement, we note the 1996 
 order clearly found Husband anticipated use of his retirement funds 
 to supplement his reduced income, and Husbands reduction in income 
 should have been anticipated by the parties at the time of the alimony 
 award in 1983.  Further, Husband testified that at the time of the 1996 
 action he anticipated a reduction in hours he worked as he approached 
 retirement and he planned to eliminate his obstetrical practice, at 
 which time he would have to use his retirement funds to supplement his 
 income. He further admitted that at the 1996 hearing, as well as the 
 1983 hearing, he knew he would have to invade his retirement funds at 
 some point and that his game plan all along was to use these funds 
 upon retirement.  Thus, the record supports the family court judges 
 finding in this matter that Husbands retirement was contemplated by 
 the parties.  
 Further, we find the family court judges 
 modification of the alimony award from $3000 to $2000 in the instant 
 case was more than reasonable.  Wifes 2002 financial declaration showed 
 a monthly income, including the $3,000 in alimony, of $3,251 after taxes.  
 She listed total monthly expenses of $2,914.  Thus, with a $1,000 reduction 
 in alimony Wife should have a net income somewhat less or almost in 
 line with her expenses.  Husband, on the other hand showed a net monthly 
 income of $5,735 in 2002, and expenses of $6,764, including his $3,000 
 monthly alimony payments to Wife.  With a decrease by $1,000 in his 
 monthly alimony payments, Husband likewise should be able to meet his 
 monthly expenses.   This court is not unmindful of Husbands complaint 
 that he is having to withdraw from his retirement to achieve his income 
 stream, however, the modification as ordered by the family court judge 
 will not require Wife to deplete her assets so Husband will not have 
 to reduce his own, a measure clearly contemplated by the parties and 
 the court.  We find the reduction in alimony as ordered by the court 
 provides Husband some relief, without serving as a disincentive to Wife 
 from saving and investing her money.  Accordingly, we find no error 
 in the family court judges determination to reduce Husbands monthly 
 alimony obligation from $3000 to $2000.
 II.        
 Attorneys Fees
 Husband argues the family court 
 judge erred in failing to award him attorneys fees.  We disagree.
 In
 determining whether to award attorneys fees, the family court
 should consider the following factors: (1) the partys ability to
 pay his or her own fee; (2) the beneficial results obtained by the
 attorney; (3) the parties respective financial conditions; and (4)
 the effect of the attorneys fee on each partys standard of
 living. 
 E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812,
 816 (1992). 
 The decision of whether to award attorneys fees is in the
 discretion of the trial court, which will not be overturned absent an
 abuse of that discretion. 
 Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d
 901, 903 (1988).
 The fact that Husbands attorney 
 obtained a beneficial result in the form of a reduction in monthly 
 alimony payments does not require an award of attorneys fees in this 
 case.  Wife was also benefited by the representation from her attorney 
 in that she did not suffer the extent of a decrease in alimony sought 
 by Husband.  Further, as the family court judge found Husbands net 
 worth was $925,000, Husband still has the ability to pay his own fees.  
 Finally, there is no evidence his financial condition has deteriorated 
 to the point that paying his attorneys fees would be a hardship or 
 that it would detrimentally impact his standard of living. 
 [4]   We find the judge acted within his discretion in deciding 
 not to award attorneys fees because both parties were well represented 
 and the relative positions both [had] merit.  Accordingly, we find 
 the family court judge did not err in declining to award attorneys 
 fees to Husband.
 AFFIRMED.
 ANDERSON, HUFF, and KITTREDGE, JJ., concur.

 
 
 [1] The parties agreed at the outset of the hearing in this matter 
 that Husband was alleging a change of circumstances since the 1996 order, 
 and therefore the court would consider events occurring after the 1996 
 order in determining whether there was a substantial change in circumstances 
 warranting modification.  
 
 
 
 [2] Furthermore, we consider Husbands argument that the court 
 should not have included in Husbands assets the transferred one-half 
 interest in the marital home to his current wife, which occurred only 
 four months prior to the institution of this action, to be without merit.  
 Husband testified he gratuitously transferred the interest to his current 
 wife for no consideration.  While Husband was clearly entitled to make 
 such a transfer, the family court judge properly considered this voluntary 
 transfer in determining Husbands net assets.
 
 
 [3] 
 We note Husband only sought a reduction of alimony in his complaint, 
 not a termination of alimony.  Further, there is no indication in the 
 record before us that Husband argued to the family court that he was 
 entitled to a termination of this support obligation. 
 
 
 
 [4] Husband has provided no evidence of the amount of his attorneys 
 fees.