THIS OPINION HAS NO 
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry M. Hathcock, Appellant,
v.
Betty M. Hathcock, Respondent.
 
 
 

Appeal From York County
 Robert E. Guess, Family Court Judge

Unpublished Opinion No.  2004-UP-538
Submitted October 1, 2004  Filed October 
 21, 2004

AFFIRMED

 
 
 
Thomas F. McDow, of Rock Hill; James R. Honeycutt, of Fort 
 Mill; and James B. Richardson, Jr., of Columbia, for Appellant.
Lohman D. Reiter, II, and G. Murrell Smith, Jr., both of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  In this domestic action brought 
 by Larry Hathcock (Husband) against ex-wife Betty Hathcock (Wife), Husband argues 
 the family court erred by declining to terminate alimony and refusing to award 
 attorneys fees.  We affirm. [1] 
Facts 
In September 1996, a York County family court awarded Betty Hathcock a divorce 
 from her husband of twenty-eight years, Larry Hathcock, on the ground of adultery.  
 The divorce decree required Husband to pay Wife $400.00 per month in alimony.   
 In 1998, approximately two years after the divorce, Wife began a romantic relationship 
 with Mancer Flatten that included cohabitation.  Flatten resided in Wifes house, 
 yet his employment as a contractor frequently required him to work out of town 
 and often he would stay in the home only on weekends.  The romantic relationship 
 lasted for two years.  Thereafter, including the two years leading up to the 
 commencement of this trial, Flatten lived in the house in a platonic capacity, 
 sleeping sometimes on the couch and sometimes in the bedroom with Wife.  
Flatten contributed to the economic state of the household.  He paid Wife a 
 monthly rent of $250.00.  He occasionally bought groceries and sometimes paid 
 for dinner when the two dined together.  He also finished building a screened-in 
 porch that he began before he lived with Wife and provided materials and worked 
 on constructing a swimming pool deck at the home.  In 2001, Flatten bought land 
 and planned to buy a trailer to live in on the property.  Flatten moved out 
 of Wifes home in July 2002; however, his drivers license lists his address 
 as Wifes residence and he continues to receive mail at the location.
Husband brought an action seeking to modify the 1996 divorce order requesting 
 termination of alimony and attorneys fees.  Wife asserted a general denial 
 defense and counterclaimed for attorneys fees.  The family court concluded 
 applicable law did not afford Husband modification of the prior divorce order 
 and denied both parties attorneys fees.  This appeal follows.
Standard of Review
Questions concerning alimony 
 rest within the sound discretion of the family court judge whose conclusion 
 will not be disturbed absent a showing of abuse of discretion.  Bryson v. 
 Bryson, 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. App. 2001).  An abuse 
 of discretion occurs when the decision is controlled by some error of law or 
 is based on findings of fact that are without evidentiary support.  Id. 
 at 224, 553 S.E.2d at 495.  
LAW/ANALYSIS                
 I.                 
Termination of Alimony 
 
Husband argues the trial court 
 erred in finding Wifes relationship with Flatten was not tantamount to marriage, 
 which would entitle him to termination of alimony responsibility.  We disagree.
South Carolina common law in 
 effect at the time of the filing of this action governs this case. 
 [2]   Changed conditions may warrant modification or termination of alimony.  
 S.C. Code Ann. § 20-3-170 (1985).  A court may terminate alimony when a supported 
 ex-spouse is involved in a relationship tantamount to marriage.  Bryson, 
 347 S.C. at 226, 553 S.E.2d at 496.  Husband contends that Wife had a relationship 
 with Flatten tantamount to marriage, evidenced by the initial sexual relationship, 
 the fact that Flatten resided at the house for four years, and his assistance 
 with various household improvements.  
When our courts have found changed 
 circumstances based on a relationship tantamount to marriage, the supported 
 ex-spouse has been involved in a relationship in which the parties have economically 
 relied upon one another.  Miles v. Miles, 355 S.C. 511, 517, 586 S.E.2d 
 136, 139 (Ct. App. 2003);  See Bryson, 347 S.C at 225, 553 S.E.2d 
 at 496 (Ct. App. 2003) (holding that relationship was tantamount to marriage 
 where supported ex-spouse had lived together for twelve years, had moved to 
 Florida together, and continued to engage in sexual relations throughout their 
 involvement).  No evidence exists from the record indicating that such reliance 
 existed in this case.  Flattens economic contributions to the household were 
 minimal and there is no evidence that Wife used her alimony to support Flatten 
 in any way.  Flatten paid Wife rent for the privilege of residing on the premises, 
 and even through the duration of the sexual relationship, Flatten retained the 
 status of tenant.  Moreover, the evidence suggests that Flatten spent a majority 
 of nights out of town tending to his business duties.
Husband argues on appeal that 
 the lower court erred in its analysis and that this error affords him a reduction 
 or termination of alimony.  Husbands exclusive argument on appeal is that the 
 relationship was tantamount to marriage.  When a court determines such a relationship 
 exists, the only result can be termination rather than reduction of alimony.  
 In Bryson, this court overruled the family courts decision reducing 
 alimony rather than terminating it where the court found a relationship tantamount 
 to marriage.  Bryson, 347 S.C. 221, 553 S.E.2d 493.  Husbands complaint 
 and the testimony reveal that Husband specifically requested termination of 
 alimony at trial, and the only mention of modification lies in the court order, 
 which concluded the law did not require it to modify or terminate Husbands 
 obligation.  
Accordingly, the trial court 
 correctly found the relationship between Wife and Flatten was not tantamount 
 to marriage, and therefore correctly denied Husband termination of alimony. 
  
 II.              
Attorneys Fees 
 
Husband argues the family court erred in denying 
 his request for attorneys fees.  We disagree.
The family courts decision whether to award attorney 
 fees is a discretionary matter and will not be overturned absent an abuse of 
 discretion. Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d 901, 
 903 (1988).  We find no abuse of that discretion in the family courts refusal 
 to grant attorney fees to Husband. 
AFFIRMED.
STILWELL, BEATTY and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] In 2002, the South Carolina General 
 Assembly amended Section 20-3-150 of the South Carolina Code, changing the 
 conditions under which the court may modify or terminate alimony, including 
 cohabitation.  The 2002 amendments became effective in June 18, 2002 after 
 the filing of this action, thus the family court correctly disregarded the 
 2002 amendments in its analysis.