THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Jacqueline C.,
 James H., Martin C., Defendants,
 Of whom James
 H. is the Appellant.
 In the interest of a minor child under the age of 18 years.
 
 
 

Appeal From York County
Henry T. Woods, Family Court Judge

Unpublished Opinion No.  2011-UP-429  
 Submitted September 1, 2011  Filed
October 3, 2011
#2010174646

AFFIRMED

 
 
 
 Elizabeth Hope Rainey, of Rock Hill, for
 Appellant.
 David E. Simpson, of Rock Hill, for
 Respondent.
 Rosalee Hix Davis, of Rock Hill, for
 Guardian Ad Litem.
 
 
 

PER CURIAM: James
 H. (Father) appeals the family court's order terminating parental rights (TPR)
 to his minor child (Child).  On appeal, Father argues the family court erred
 in: (1) granting TPR on the unpled statutory ground that Child has resided in
 foster care for fifteen of the most recent twenty-two months; (2) considering
 the testimony of the foster parent and potential adoptive parent for the best
 interest of the child analysis; (3) allowing the Department of Social Services
 (DSS) to argue that TPR was the only placement option for Child because section
 63-7-1700(F) of the South Carolina Code (2010) does not permit an extension of
 the permanency placement plan beyond eighteen months after Child was placed in
 foster care; (4) terminating Father's parental rights when DSS's complaint
 failed to set forth the underlying factual circumstances as required by section
 63-7-2540(6); and (5) granting TPR when the family court's prior orders
 concerning Child's protection and permanency failed to provide Father notice as
 required under section 63-7-1680 that if he did not comply with his treatment
 plan, his parental rights could be terminated in six months.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:      
1.  As to whether the family court erred
 in allowing DSS to argue that TPR was the only placement option for Child
 because section 63-7-1700(F) does not permit an extension of the permanency
 placement plan beyond eighteen months after Child was placed in foster care: Hooper
 v. Rockwell,  334 S.C. 281, 291, 513 S.E.2d 358, 364 (1999) ("[A]ny
 order issued as a result of a merit hearing, as well as any later order issued
 with regard to a treatment, placement, or permanent plan, is a final order that
 a party must timely appeal."); Reiss v. Reiss, 392 S.C. 198,
 206-07, 708 S.E.2d 799, 803 (Ct. App. 2011) (finding an unappealed ruling
 becomes the law of the case and cannot be considered on appeal).  
2.   As to whether the family court erred
 in giving too much weight to the testimony of the foster parent and potential
 adoptive parent for the best interest of the child analysis: Lewis v. Lewis,
 392 S.C. 381, 388-89, 709 S.E.2d 650, 653-54 (2011) (noting although this court
 reviews the family court's findings de novo, we are not required to ignore the
 fact that the family court, who saw and heard the witnesses, was in a better
 position to evaluate their credibility and assign comparative weight to their
 testimony); Ex parte Morris, 367 S.C. 56, 61-62, 624 S.E.2d 649, 652
 (2006) ("This broad scope of review does not, however, require the
 appellate court to disregard the findings of the family court. This degree of
 deference is especially true in cases involving the welfare and best interests
 of a minor child.") (internal citation omitted).  
3.  As to Father's remaining issues: Biggins v. Burdette, 392 S.C. 241, 246, 708 S.E.2d 237, 240 (Ct. App. 2011) (finding
 an issue is not preserved for our review when it is not raised to and ruled on
 by the family court).  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.