**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Janneth E. Sanders, Respondent,

v.

Launeil Sanders, Appellant.

Appellate Case No. 2012-210626

———————————

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-098
Submitted January 1, 2014 – Filed March 5, 2014

———————————

**AFFIRMED**

———————————

Launeil Sanders, pro se, of Spartanburg.

Richard H. Rhodes and William Hardwick Rhodes, both
of Burts Turner & Rhodes, of Spartanburg, for
Respondent.

———————————

**PER CURIAM:** Launeil Sanders (Husband) appeals the family court's divorce decree, arguing the family court erred in (1) awarding alimony to Janneth Sanders (Wife), (2) determining the houses on Highway 11 and Shoreline Drive constituted martial property, (3) awarding attorney's fees to Wife, (4) accepting fraudulent

documents, and (5) failing to punish Wife's attorney for misconduct.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the award of alimony:  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("[T]he appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence."); S.C. Code Ann. § 20-3-130(C) (2014) ("In making an award of alimony or separate maintenance and support, the court must consider and give weight . . . to all of the following factors: (1) the duration of the marriage . . . ; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse . . . ; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties . . . ; (9) custody of the children . . . ; (10) marital misconduct or fault of either or both parties . . . ; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant."); *Reiss v. Reiss*, 392 S.C. 198, 209, 708 S.E.2d 799, 805 (Ct. App. 2011) (upholding an alimony award when "the family court listed each factor it was required to consider pursuant to section 20-3-130(C) and made findings of fact supported by evidence in the record and conclusions of law regarding each factor").

2. As to the determination of whether the houses were marital property:  S.C. Code Ann. § 20-3-630(A) (2014) (providing marital property "means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation as provided in [s]ection 20-3-620 regardless of how legal title is held, except . . . nonmarital property"); *Murphy v. Murphy*, 319 S.C. 324, 328, 461 S.E.2d 39, 41 (1995) (holding "property which is non-marital may be transmuted into marital property during the marriage if it is utilized by the parties in support of the marriage or in some other manner which shows an intent by the parties to make it marital property").

3. As to the award of attorney's fees: *Crossland v. Crossland*, 397 S.C. 406, 417, 725 S.E.2d 509, 515 (Ct. App. 2012) ("The family court may order one party to pay a reasonable amount to the other party for attorney's fees and costs incurred in maintaining an action for divorce pursuant to S.C. Code Ann. § 20-3-130(H) (Supp. 2011)."); *id.* at 417, 725 S.E.2d at 515-16 ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) effect of the attorney's fee on each party's standard of living."); *id.* at 417-18, 725 S.E.2d at 516 (noting the family court should also consider: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

4. As to the remaining issues: *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *id.* ("Without an initial ruling by the [family] court, a reviewing court simply is not able to evaluate whether the [family] court committed error.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.