**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vera Short, Respondent,

v.

Donnie Lee Short, Appellant.

Appellate Case No. 2014-001558

Appeal From Chesterfield County
Salley Huggins McIntyre, Family Court Judge

Unpublished Opinion No. 2016-UP-188
Submitted March 1, 2016 – Filed May 4, 2016

**AFFIRMED**

Sarah Crawford Campbell, Melvin Wayne Cockrell, III, and Andrew McLeod Privette, all of Cockrell Law Firm, P.C., of Chesterfield, for Appellant.

Tiffany Brooke Hunt, of Jebaily Law Firm, PA, of Florence, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Marquez v. Caudill*, 376 S.C. 229, 246, 656 S.E.2d 737, 745 (2008) ("The decision to award attorney's fees is a matter within the sound discretion of the [family court] and the award will not be reversed on appeal absent an abuse of

discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Reiss v. Reiss*, 392 S.C. 198, 210-11, 708 S.E.2d 799, 805 (Ct. App. 2011) (concluding the family court did not abuse its discretion in awarding attorney's fees when it properly considered the *E.D.M.* and *Glasscock*[1] factors); *Bodkin v. Bodkin*, 388 S.C. 203, 223, 694 S.E.2d 230, 241 (Ct. App. 2010) ("This court has previously held when parties fail to cooperate and their behavior prolongs proceedings, this is a basis for holding them responsible for attorney's fees.").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] 304 S.C. 158, 403 S.E.2d 313 (1991).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.